**Gary T. GIBSON, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 2000.

Decided Oct. 5, 2000.

Jennifer C. Deitchman, Carlisle, for petitioner.

Paul R. Lewis and Shane C. Siegel, Wayne, for intervenor, GPU Nuclear Corp. & Metropolitan Edison Co.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

■ Gary T. Gibson (Claimant) petitions this Court to review an order of the Unemployment Compensation Board of Review (Board) that denied him unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge from work for willful misconduct connected with his or her employment. We affirm.

Claimant was last employed as a full-time custodian by the Metropolitan Edison Company (Met Ed) at the GPU Nuclear Corporation's (GPUN) Three Mile Island Generating Station (TMI). His last day of work was September 10, 1999. Although Met Ed formally employed Claimant, his work at TMI was directed, regulated, and supervised by GPUN. Met Ed and GPUN (who are both intervening in the present proceeding before this Court) will hereafter be collectively referred to as "Employer".

The Board made the following relevant findings of fact. In 1996, Employer issued a policy prohibiting the unauthorized removal of company property, including scrap or refuse, upon penalty of termination. One purpose for the policy is to prevent employees from placing property in a dumpster in order to remove it later for personal gain. Employer also requires prior authorization before an employee may remove computer equipment because the equipment may need reformatting so that certain proprietary information can be destroyed. Employer placed a copy of its policy into each of the employee's paycheck envelopes in November 1996. Also, the policy was placed in company newsletters widely distributed throughout TMI for employees to pick up and read, and further placed on bulletin boards throughout the TMI premises. Although Claimant testified that he was unaware of the policy, the Board determined that he should have been aware of it if he had exercised due diligence.

On August 30, 1999, Employer performed an investigation based upon information received from another employee that Claimant was removing company property from the premises for personal gain. On September 2, 1999, Employer interviewed Claimant concerning the allegation. Claimant admitted that during the first week of August 1999, he removed a floppy disk drive from a desktop computer

that was on a trash truck on the premises.[1] He stated that he took the disk drive home. He further admitted that he did not receive authorization prior to removing this property from the premises. He accepted Employer's option to resign in lieu of discharge.

The Job Center denied Claimant's application for benefits. Claimant appealed, and the matter was heard before a referee. Claimant testified in his own behalf, and Employer presented the testimony of GPUN's Labor Relations Administrator and GPUN's Corporate Internal Investigator. The referee determined that Employer failed to prove that Claimant's violation of Employer's work policy was knowing and deliberate, and accordingly awarded benefits. The Board reversed, based upon its determination that Employer proved that it had taken sufficient steps to insure that Claimant should have known about its policy regarding the unauthorized removal of company property. The Board determined that the violation of Employer's policy constituted willful misconduct, thus disqualifying Claimant from receiving benefits. This petition for review followed.

This Court's scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. *Evans, Portnoy & Quinn v. Unemployment Compensation Board of Review*, 665 A.2d 548 (Pa.Cmwlth.1995). In unemployment compensation cases, the Board is the ultimate finder of fact. *Griffith Chevrolet–Olds, Inc. v. Unemployment Compensation Board of Review*, 142 Pa.Cmwlth. 242, 597 A.2d 215 (1991). If a petitioner fails to challenge the Board's factual findings, they are conclusive on appeal. *Campbell v. Unemployment Compensation Board of Re-*

view, 694 A.2d 1167 (Pa.Cmwlth.1997). Moreover, we must examine the evidence in the light most favorable to the party who prevailed before the Board. *Heins v. Unemployment Compensation Board of Review*, 111 Pa.Cmwlth. 604, 534 A.2d 592 (1987).

Claimant argues that the Board erred by (1) concluding that his acts constituted willful misconduct, (2) allegedly relying "heavily" upon hearsay evidence, and (3) reversing the referee when Employer allegedly "waived its grounds" for appealing from the referee's decision.

Claimant's first argument incorporates several sub-arguments. He argues that Employer failed to submit sufficient competent evidence of the work rule regarding removal of property by employees. In the alternative, he argues that he did not know about Employer's work rule; thus, his "inadvertent" removal of the disk drive could not be considered willful misconduct. He also argues that the work rule pertained to the removal of "scrap," not trash or refuse, and the object he appropriated would be characterized as trash, thus having no value. Finally, he argues that a single violation of Employer's rule must be considered *de minimis*, and therefore may not be the basis to deny benefits under Section 402(e) of the Law. These arguments are without merit.

First, the record contains substantial evidence supporting the Board's finding of fact that Employer had a policy against removal of company property, including scrap and trash. Employer's two witnesses testified regarding the existence and terms of the policy and how it was disseminated to employees (by notice with paycheck, posted bulletins, and inclusion in the company newspaper). Further, the written substance of the policy was introduced into evidence.[2]

---

1. The item taken by Claimant was described as "a three-and-a-half inch floppy drive, computer drive, from an IBM desktop unit." Notes of Testimony, p. 5.

2. These written notices are the subject of Claimant's second stated issue regarding the Board's reliance upon alleged hearsay testimony. They shall be addressed at a later point in this opinion.

Second, because of the demonstrated manner by which Employer published notice of its policy to its employees, substantial evidence supports the Board's finding that Claimant had constructive notice of the policy. We have held that when an employer posts a work rule or policy throughout the employer's premises, an employee is charged with constructive notice of the rule or policy because it could have been discovered by due diligence. *Hussey Copper, Ltd. v. Unemployment Compensation Board of Review,* 718 A.2d 894 (Pa.Cmwlth.1998). Thus, Claimant's argument that he was unaware of the policy or that his violation of the policy was inadvertent is without merit. *Id.*

■ Third, Employer's written policy made it specifically clear that an employee was not to remove any property from the premises without authorization, including "scrap or refuse." Exhibit 12, GPU Companies and IBEW Local No. 777 Joint Notice to Employees. Finally, Claimant's removal of the disk drive could not be considered *de minimis.* The Board found that Employer's policy was designed to prevent theft of its property, including proprietary information, for the personal gain of the employee taking the property.[3] We have held that even one isolated instance of theft is sufficient to constitute willful misconduct. *Pedersen v. Unemployment Compensation Board of Review,* 74 Pa.Cmwlth. 130, 459 A.2d 869 (1983). Further, when an employee violates a work rule prohibiting theft, the value of the object taken is of no concern: the work-rule violation constitutes willful misconduct. *Wright v. Unemployment Compensation Board of Review,* 77 Pa.Cmwlth. 278, 465 A.2d 1075 (1983). The theft of a disk drive cannot be considered a *de minimis* violation of Employer's policy against theft or unauthorized removal of property from the facility.

Claimant next argues that the Board's erred by "heavily" basing its decision upon alleged hearsay evidence. The alleged hearsay evidence consisted of two documents setting forth the Employer's policy at issue. Claimant alleges that Employer failed to lay a proper foundation for the admissibility of these documents and that Claimant raised timely objections to the introduction of this evidence. The first document, entered as Exhibit 3, is a Settlement Agreement between IBEW Local No. 777, the union that represents Claimant, and GPUN, stating in part that the penalty for theft or unauthorized removal of company property will be termination. The second document, entered as Exhibit 12, is a joint notice from IBEW Local No. 777 and GPUN setting forth the policy, and specifically noting that it pertains to refuse as well as scrap.

■ First, the Board's decision does not reflect Claimant's assertion that it relied "heavily" upon the documentary evidence setting forth Employer's policy. Indeed, the Board's findings of fact concerning Employer's policy and its dissemination to its employees are supported by the hearing testimony of two fact witnesses, GPUN's Labor Relations Administrator and GPUN's Corporate Internal Investigator.[4] Second, Claimant never objected to the documents at issue as hearsay. Rather, Claimant's objection was that Employer failed to lay a proper foundation demonstrating that he was aware of the documents or the policy contained in them. Therefore, Claimant has waived the issue of whether these documents were admitted improperly as hearsay. *Brooks v. Unemployment Compensation Board of Re-*

---

**3.** Claimant has not challenged this finding of fact. Therefore, it is conclusive for purposes of our review. *Campbell.*

**4.** The Board specifically stated in its decision: "The Board finds the labor relations' administrator credible that he personally saw to it that the ... policy was attached to every paycheck.... The Board finds the ... administrator credible that the policy was posted on bulletin boards throughout the ... premises and attached to a newsletter ... distributed ... for employees to access." Board's Opinion, p. 3 ("Discussion").

*view,* 119 Pa.Cmwlth. 350, 547 A.2d 493 (1988) (an issue not raised below will be considered waived).

■ Finally, Claimant argues that Employer waived its argument to the Board by failing to set it forth with specificity in its appeal from the referee's decision. Employer stated that it did "not agree" with the referee's decision, that it believed that Claimant's "conduct did constitute willful misconduct," and that the referee "did not properly review the facts presented by" Employer. Employer's Petition for Appeal to the Board. Claimant argues that this notice is insufficient, citing *Merida v. Unemployment Compensation Board of Review,* 117 Pa.Cmwlth. 181, 543 A.2d 593 (1988), *appeal dismissed as improvidently granted,* 524 Pa. 249, 570 A.2d 1320 (1990). In *Merida,* we held that it is insufficient for a party to merely state that it did not agree with the decision below to satisfy its obligation to set forth the reasons for its appeal. We also indicated in that case, however, that a party's burden in a notice of appeal would be satisfied by simply setting forth "*some* indication, however inartfully stated, of precisely what error(s) occurred and where the tribunal should focus its attention." *Id.* at 595 (emphasis in original).

■ The Board's regulations indicate only that a party must set forth its reasons for appeal, without further elaboration as to the detail required to satisfy this condition. *See* 34 Pa.Code §§ 101.81 and 101.102. We take note, however, that on petitions for review from the Board to this Court, a party preserves an issue for our review if it is set forth in the petition or "fairly comprised" within the issues set forth. *Tyler v. Unemployment Compensation Board of Review,* 139 Pa.Cmwlth. 598, 591 A.2d 1164, 1168 (1991). In this instance, Employer quite clearly identified the issue as whether the evidence presented to the Board established that Claimant was discharged for committing willful misconduct. The Board was thus guided as to where Employer believed it should direct its focus on review, including any subsidiary issue fairly comprised within this focus. The Board thereafter addressed the very issue raised by Employer.

For the above reasons, the order of the Board is affirmed.

## *O R D E R*

AND NOW, this 5th day of October, 2000, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.