772 A.2d 416 (2001)
TEMPLE UNIVERSITY OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, Appellant,
v.
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.
Supreme Court of Pennsylvania.
Argued January 29, 2001.
Decided May 21, 2001.
Arthur D. Goldman, Neil J. Hamburg, Philadelphia, for Temple University.
Clifford F. Blaze, Maribeth Wilt-Seibert, Harrisburg, for Unemployment Compensation Board of Review.
Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and SAYLOR, JJ.

OPINION
NIGRO, Justice.
Appellant Temple University ("Temple") appeals from the Commonwealth Court's order affirming the award of unemployment benefits to former Temple University Hospital employee Slawomir Stefaniak.
*417 The issue before the Court is whether the Commonwealth Court erred in distinguishing the instant case from Brode v. Unemployment Compensation Bd. of Review, 79 Pa.Cmwlth. 630, 470 A.2d 200 (1984), and finding that Mr. Stefaniak did not engage in willful misconduct. Temple argues that, contrary to the Commonwealth Court's findings, Mr. Stefaniak's belief that his supervisor had the authority to authorize payment for hours not worked does not establish good cause for his misconduct in applying for and accepting payment for hours not worked. We agree and therefore reverse.
Mr. Stefaniak was a senior respiratory therapist at Temple University Hospital. Based on two anonymous phone calls, Temple launched an investigation into the payroll records of Mr. Stefaniak and several co-workers in his department. The investigation revealed that in October and November of 1997, Mr. Stefaniak and at least six of his co-workers received pay for hours not worked.
During the time period in question, Mr. Stefaniak's manager told him to change his time sheet in order to be paid for several hours that he did not work. Mr. Stefaniak's manager informed Mr. Stefaniak that he was being rewarded for being a good employee, and Mr. Stefaniak believed that his manager had the authority to tell him to make the changes. Accordingly, Mr. Stefaniak changed his time sheets to indicate that he was working during time periods when he actually was not. Mr. Stefaniak's manager then authorized payment for those hours by submitting the fraudulent time sheets to Temple. Temple had a policy stating that the stealing or deliberate destruction of University property or the property of other employees, patients, clients, students or visitors would result in termination. Based on this policy and Mr. Stefaniak's submission of fraudulent time sheets, Temple fired Mr. Stefaniak on March 10, 1998. Temple also fired Mr. Stefaniak's manager and several of his co-workers.
Following his termination, Mr. Stefaniak filed for unemployment compensation benefits. The job center rejected his application, and he appealed. Following a referee's hearing at which Mr. Stefaniak and Temple presented testimony from several witnesses, the referee affirmed the job center's decision denying Mr. Stefaniak's application. Mr. Stefaniak then appealed to the Unemployment Compensation Board of Review ("UCBR"), which remanded the case to a referee in order to reconstruct testimony that was missing from the record due to the mechanical failure of a recording device. Only Mr. Stefaniak appeared at the remand hearing. Following the hearing, the UCBR issued an order reversing the referee's decision and granting Mr. Stefaniak unemployment benefits.
Temple filed a motion for reconsideration, arguing that it did not receive notice of the remand hearing until after it was held. The UCBR granted the motion, and again remanded the matter to the referee. After the remand hearing, where both Mr. Stefaniak and Temple presented testimony from their respective witnesses, the UCBR again found that Mr. Stefaniak was entitled to unemployment benefits. On appeal, the Commonwealth Court affirmed and subsequently denied Temple's request for reargument. This appeal followed.
Under the Pennsylvania Unemployment Compensation Act ("Act"), an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work. 43 P.S. § 802(e). This Court has defined willful misconduct as follows:

*418 Willful misconduct ... has been held to comprehend an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer.
Rossi v. Unemployment Compensation Bd. of Review, 676 A.2d 194, 197 (Pa.1996). However, if an employee can prove that his conduct was justifiable and reasonable under the circumstances, i.e., that he had good cause for the conduct, it will not be considered willful misconduct. See id. at 198 (citing McLean, 383 A.2d at 535).[1]
Pennsylvania courts have consistently held that theft from an employer is a wrongful act disqualifying the employee from receiving benefits under section 802(e) of the Act. See Dept. of Navy v. Unemployment Compensation Bd. of Review, 158 Pa.Cmwlth. 605, 632 A.2d 622 (1993)(claimant was ineligible to receive benefits as matter of law following guilty plea to charge of filing false claims with government); Spencer v. Unemployment Compensation Bd. of Review, 145 Pa. Cmwlth. 134, 602 A.2d 484 (1992)(claimant was mistakenly overpaid and refused to return the excess to employer, rendering him ineligible for benefits); Abbey v. Unemployment Compensation Bd. of Review, 50 Pa.Cmwlth. 323, 413 A.2d 3 (1980)(claimant was ineligible to receive benefits because she worked for the Department of Public Welfare (DPW) and simultaneously received assistance from the DPW by lying about her employment status). These cases all involved claimants who stole from their employers, conduct that Pennsylvania courts have held to be in disregard of the employer's interest as well as in disregard of standards of behavior which the employer has a right to expect of an employee. See Dept. of Navy, 632 A.2d at 630. Significantly, none of the cases even suggest that there can be good cause for stealing from an employer. In fact, the Commonwealth Court has specifically held that "where the employer sustains its burden of proof with substantial evidence that the employee engaged in theft, directly or indirectly, of the employer's property, such conduct constitutes willful misconduct as a matter of law and is not subject to the rationale of good cause." Id.
In Brode v. Unemployment Compensation Bd. of Review, 79 Pa.Cmwlth. 630, 470 A.2d 200 (1984), the Commonwealth Court denied unemployment benefits under circumstances similar to those in the instant case. The claimants in Brode received pay for hours not worked, resulting in their discharge from employment. Although the claimants did not personally falsify their time records, they knew that their paychecks included compensation for more hours than they actually worked and that their employer had no policy allowing for such overpayment. Nevertheless, the claimants cashed their checks without mentioning the irregularity to anyone. In seeking unemployment benefits following their discharge, the claimants argued that *419 they had good cause for their misconduct because prior to receiving their inflated paychecks, they were notified by their supervisor that if they put forth an extra effort to increase productivity, he would "take care" of them. Thus, the employees contended that they reasonably believed that their supervisor had the authority to obtain "bonus" money for them, and therefore did not question the reason for their inflated paychecks. The Commonwealth Court rejected this argument, specifically noting that "an employee's action upon a mistaken belief of legal entitlement is not justification for violation of an employer's rule." See id. at 202 (citing Simpson v. Unemployment Compensation Bd. of Review, 69 Pa.Cmwlth. 120, 450 A.2d 305 (1982)(holding that an employee's belief that he had a legal right to refuse a lunch bucket search did not vitiate the requisite state of mind in a willful misconduct case)). Accordingly, the Commonwealth Court concluded that the claimants did not prove good cause for their misconduct. See id. at 202-203, 450 A.2d 305.
In the instant case, the Commonwealth Court distinguished Brode, reasoning that "the employees in Brode were not instructed to add hours to their time sheets like [Mr. Stefaniak] was instructed here, nor did they testify that they were specifically told that the supervisor had the authority to add hours to the time sheets as [Mr. Stefaniak] was told and believed in this case." Mem. Op. at 6. In effect, the Commonwealth Court found Brode to be inapposite because the claimants in that case were not given a clear indication from their supervisor that he had the authority to provide them with the unearned "bonuses" they received, whereas in the instant case, Mr. Stefaniak reasonably believed that his manager had the authority to authorize the extra pay for hours not worked.
We disagree with the Commonwealth Court's reasoning. Instead, we find that Mr. Stefaniak's misconduct was even more egregious than that of the claimants in Brode because he affirmatively falsified his time sheets in order to receive pay for hours not worked, while the claimants in Brode passively accepted inappropriately inflated paychecks. Mr. Stefaniak's mistaken belief that his supervisor could authorize extra pay for hours not worked did not constitute a valid justification for his misconduct. See Brode, 470 A.2d at 202. We therefore conclude that the Commonwealth Court erred in finding that Mr. Stefaniak had good cause to steal from Temple. Accordingly, we reverse the order of the Commonwealth Court and reinstate the referee's order affirming the job center's decision to deny Mr. Stefaniak's unemployment benefits.
Justice SAYLOR concurs in the result.
Justice NEWMAN did not participate in the consideration or decision of this case.
NOTES
[1] Whether or not an employee's actions constitute willful misconduct is a question of law subject to our review. See Selan v. Unemployment Compensation Bd. of Review, 495 Pa. 338, 433 A.2d 1337, 1339 (1981); McLean v. Unemployment Compensation Bd. of Review, 476 Pa. 617, 383 A.2d 533, 535 (1978). The scope of our review in unemployment compensation cases is whether the findings of fact are supported by substantial evidence and whether there was a violation of the constitution or agency procedure or an error of law. See Gillins v. Unemployment Compensation Bd. of Review, 534 Pa. 590, 633 A.2d 1150, 1153 (1993).