# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gwendolyn Warren,           :
                            :
          Petitioner       :
                            :
          v.               : No. 277 C.D. 2015
                            : Submitted: October 2, 2015
Unemployment Compensation   :
Board of Review,          :
                            :
          Respondent    :

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**              **FILED: November 3, 2015**

Gwendolyn Warren (Claimant) petitions, *pro se*, for review of the January 28, 2015 order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the referee denying her unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) because she was discharged from her employment for willful misconduct. We affirm the order of the Board.

Temple University (Employer) discharged Claimant from its employ on October 2, 2014 and Claimant filed for unemployment compensation benefits. On October 24, 2014, the Department of Labor and Industry issued a Notice of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, § 402(e), *as amended,* 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." 43 P.S. § 802(e).

Determination concluding that Claimant was ineligible to receive unemployment compensation due to her discharge from employment for willful misconduct. (Record (R.) Item 5, Notice of Determination.) Claimant appealed the Notice of Determination and a hearing was held before a referee on November 18, 2014, at which Claimant appeared and testified. (R. Item 10, Referee's Hearing, Transcript of Testimony (H.T.).) Three witnesses testified for Employer: the Nighttime Supervisor, the Nightshift Assistant Superintendent, and the Manager of Labor Relations. (*Id.*) Following the hearing, the referee issued a decision and order that affirmed the Notice of Determination. (R. Item 11, Referee Decision and Order.) Claimant appealed the referee's order to the Board, and the Board affirmed; the Board corrected one of the referee's findings of fact, but otherwise adopted and incorporated the referee's findings and conclusions. (R. Item 13, Board Decision and Order.)

The findings of fact adopted and incorporated by the Board were as follows:

1. The claimant was last employed as a full-time Housekeeping Service Staff IV with the employer from January 11, 2010 until October 2, 2014 at a final rate of pay of $18.16 per hour.

2. The employer's Rules of Conduct prohibit employees from leaving the campus or the building where they are assigned to work without permission.

3. The claimant was aware or should have been aware of the employer's Rules of Conduct, as she had acknowledged receiving them.

4. The claimant's break time was from 2:00 AM to 2:30 AM.

5. On October 2, 2014 at 3:05 AM, the claimant's Supervisor observed the claimant running into the building after she had exited a car.

2

6. The surveillance cameras showed that the claimant was exiting from a car on a public street, which is not a part of the campus.

7. The claimant had not taken her Supervisor's permission to leave the campus or the building where she was assigned to work as required under the rules.

8. The claimant contacted only one supervisor at only one number, even though the supervisor had a second contact number; the claimant did not leave a message.

9. The claimant had the phone numbers of all the Supervisors but did not contact any one of them after she could not reach her Supervisor.

10. On October 2, 2014, the employer discharged the claimant for leaving the campus and the building without permission, which was a violation of the employer's Rules of Conduct.

(R. Item 11, Referee's Decision and Order, Findings of Fact (F.F.) ¶¶1-10; R. Item 13, Board's Order.) Claimant appealed the Board's decision to this Court for review.[2]

Before this Court, Claimant argues that the Board's findings are not supported by substantial evidence. Claimant denies that she exited a vehicle, and although she acknowledges that she left the building without permission, she asserts that she simply ran out to the vehicle in order to pick up medication that was being dropped off to her by her daughter.[3]

---

[2] In an unemployment compensation appeal, this Court's scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Scott v. Unemployment Compensation Board of Review*, 36 A.3d 643, 647 n.4 (Pa. Cmwlth. 2012).

[3] In addition, Claimant also argues, for the first time, that her employment was terminated in retaliation for a request she made for medical accommodation and because she had recently taken a short medical leave of absence; Claimant further assets that Employer might have applied

3

In unemployment compensation cases, the burden of proving willful misconduct is on the employer. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997); *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). To prove willful misconduct, the employer must show: (1) wanton or willful disregard of the employer's interests, (2) deliberate violation of the employer's rules, (3) disregard of standards of behavior that an employer can rightfully expect from an employee, or (4) negligence that indicates an intentional disregard for the employer's interests or the employee's duties or obligations. *Temple University v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 (Pa. 2001); *Caterpillar, Inc.,* 703 A.2d at 456.

A claimant's violation of a reasonable work rule or employer policy constitutes willful misconduct unless the application of the rule or policy to the claimant's conduct is unreasonable or the claimant shows good cause for her actions. *Caterpillar, Inc.,* 703 A.2d at 456; *Walsh*, 943 A.2d at 369-70; *Williams v. Unemployment Compensation Board of Review*, 926 A.2d 568, 571-72 (Pa. Cmwlth. 2007). To prove willful misconduct on this basis, the employer must prove the existence of the rule or policy and that the claimant was aware of the rule or policy and violated it. *Walsh*, 943 A.2d at 369-70; *Williams*, 926 A.2d at 571; *ATM Corp. of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 865-66 (Pa. Cmwlth. 2006). If the employer makes that showing, the burden is on the claimant to demonstrate good cause for her conduct. *Walsh*, 943 A.2d at 369; *ATM Corp. of America*, 892 A.2d at 865. Whether a claimant's

---

progressive discipline and that other employees were treated more favorably in instances where they were charged with willful misconduct. However, because Claimant failed to raise and develop these claims in her appeal to the Board, they are waived. *Lewis v. Unemployment Compensation Board of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012).

4

actions constitute willful misconduct is a question of law fully reviewable on appeal. *Temple University*, 772 A.2d at 418 n.1; *Caterpillar, Inc.,* 703 A.2d at 456; *Walsh*, 943 A.2d at 368.

At the referee hearing, Employer's Nighttime Supervisor testified that Claimant's employment was terminated following her violation of Rule of Conduct #D-6, Leaving Campus Without Permission, which specifies that the first violation of the rule will result in discharge from employment. (R. Item 10, H.T. at 6, Employer Exhibit E-3.) Employer's witness stated that after he observed her exit from a white vehicle on Diamond Street and run toward the campus, he asked Claimant why she was out of the building, and where was she coming from; Claimant replied that she had left her keys at home and she had to go and get them. (*Id*., H.T. at 7-8, 11.) The Manager of Labor Relations testified as to video footage that was displayed at the hearing, and explained that it showed a white vehicle entering the campus vicinity, and then showed Claimant exiting from the vehicle and coming toward the building where she worked; the time indicated on the video corresponded to the time the Nighttime Supervisor reported that he had observed Claimant. (*Id*., H.T. at 12.) Claimant stated that she was not inside the vehicle but was running toward it, and that she had asked her daughter, who was just getting off work, to stop at the house and pick up Claimant's pain medication and drop it off to her at work. (*Id*.)

The Board reasoned that at the hearing, Employer's witnesses provided competent and credible testimony and documentary evidence that established that Claimant had left the building and the campus without the permission of her supervisor and that Claimant told her supervisor that she had been out of the building because she had left her house keys at home and had to get them. (R. Item 11, Referee's Decision, Reasoning; R. Item 13, Board's Order.)

5

The Board found not credible Claimant's testimony that she had just run to the vehicle to get her pain medication, and that she had tried to call her supervisor to request permission but was unable to do; the Board concluded that Employer discharged Claimant from her employment for violation of its work rule, which was meant for the safety of its employees. (*Id.*) The Board did not find that Claimant established good cause for the rules violation, noting that she provided contradictory statements to the supervisor and at the hearing regarding her reason for leaving the campus. (*Id.*) The Board is the ultimate fact finder, and its credibility determinations and findings of fact are binding on this Court where they are supported by substantial evidence, even if there is other contrary evidence. *Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667, 671-72 (Pa. Cmwlth. 2010); *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). Here, the Board's findings are supported by substantial evidence. Accordingly, the Board did not err in finding that Claimant committed willful misconduct, and we affirm the order of the Board.

_____

**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**


Gwendolyn Warren,             :
                                       :
            Petitioner        :
                                         :
           v.                  : No. 277 C.D. 2015
                                         :
Unemployment Compensation   :
Board of Review,               :
                                         :
           Respondent    :


# **O R D E R**


AND NOW, this 3rd day of November, 2015, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**