Commonwealth of Pennsylvania, Department of Transportation, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 30, 1984, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Robert C. Bell,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 3, 1984:

Before this Court is an appeal by the Department of Transportation (DOT) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to award benefits to Duane Nolan (Claimant). We reverse.

The essential facts of this matter are not in dispute. Claimant was employed by DOT for thirteen months as a highway maintenance worker. During that period he compiled a work record fraught with violations of DOT's attendance rules for which he received written warnings and/or reprimands. On four separate occasions single day suspensions were

issued to Claimant as a result of his transgressions and on September 16, 1982, he received a five day suspension for failing to report to his work station two days earlier. Despite this last suspension, Claimant was scheduled to report to work on September 17, 1982 at 8:00 a.m. Because he had spent the previous night at the hospital with a number of other members of his family in apprehension of the imminent death of his seriously ill uncle, however, Claimant overslept and failed to appear at work on that day. Moreover, he also failed to report that he would be absent until approximately 11:00 a.m., a direct violation of DOT's rule that absences be reported within two hours of the scheduled start of an employee's shift. As a consequence of this, and in light of his prior work record, Claimant was discharged by DOT effective October 15, 1982. The Office of Employment Security denied Claimant unemployment compensation benefits on the grounds that his behavior constituted disqualifying willful misconduct.[1] Following a hearing, a referee reversed that decision, effectively holding that Claimant's vigil for his uncle, in view of the mitigating circumstances behind several of his earlier attendance rule violations,[2] was good cause for Claimant's failure to report his absence in a timely fashion. On appeal by DOT, the Board affirmed. The appeal to this Court followed.

The failure of an employee to report his absence in accordance with the reasonable rules of his em-

---

[1] See Section 402(e) of the Unemployment Compensation Law. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

[2] The referee found that on three occasions when Claimant was sanctioned for failing to report to his job site, the failure was attributable to transportation difficulties and that Claimant had reported to DOT's garage which was ostensibly nearer to Claimant's home.

ployer can constitute willful misconduct ''even if not colored by past violations.'' *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 607, 423 A.2d 430, 432 (1980). A conclusion that the employee has engaged in disqualifying willful misconduct is especially warranted in such cases where, as here, the employee has been warned and/or reprimanded for prior similar conduct. *Gochenauer v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 354, 429 A.2d 1246 (1981); *Maxwell*. The employee may, however preserve eligibility for benefits by establishing good cause for the violations of the absence rules. *Department of Agriculture v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 279, 403 A.2d 237 (1979).

After a careful consideration of the record in this matter we must reverse the decision of the Board. Claimant was aware that DOT was dissatisfied with his attendance record and that his employment would be jeopardized by future violations.[3] He was also fully aware of the rules he was to abide by in the reporting of his absence.[4] The violation of those rules must therefore be deemed willful misconduct. With respect to the question of good cause, as intimated by the Board in its brief to this Court, the possible presence of mitigating circumstances behind some of Claimant's earlier rule violations is of no moment in this proceeding. *See Maxwell*. And, while we are sympathetic to Claimant's concern for his uncle, his desire to be at the hospital, and his oversleeping as a result thereof, cannot be deemed per se good cause for the failure to timely report his absence. Claimant testified that it was the waiting room of the hospital

---

[3] Finding of fact 8 in the referee's opinion.

[4] Finding of fact 4 in the referee's opinion.

where he overslept and that a number of other relatives were present.  Yet he presented no evidence that he took any steps to ensure either that he was awakened in time to go to work or that someone else would call in for him, despite just the day before having received a five day suspension for violating attendance rules.  Such conduct hardly manifests the good faith effort to preserve one's employment which is essential to eligibility for unemployment compensation[5] and the Board must be reversed.

ORDER

Now, August 3, 1984, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-215461, dated March 2, 1983, is hereby reversed.

---

[5] See Downes v. Unemployment Compensation Board of Review, 72 Pa. Commonwealth Ct. 575, 456 A.2d 1107 (1983) ; Frable v. Unemployment Compensation Board of Review, 53 Pa. Commonwealth Ct. 137, 416 A.2d 1164 (1980).