# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jenny M. Faatz,                              :
                    Petitioner               :
                                             :
          v.                                 :
                                             :
Unemployment Compensation                    :
Board of Review,                             :    377 C.D. 2015
                    Respondent               :    Submitted: July 24, 2015

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                            FILED:  August 11, 2015

Jenny Faatz (Claimant), appearing *pro se*, challenges the Order of the Unemployment Compensation Board of Review (Board) that affirmed the Referee's determination that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The facts, as initially found by the Referee and confirmed by the Board, are as follows:[2]

> 1.The Claimant worked as a part-time service support staff person for Apple Day [Spa] [Employer] from

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

[2] The Referee and Board use "claimant" and "employer" rather than "Claimant" and "Employer" throughout their respective opinions. For the sake of presentation, we will use Claimant and Employer when quoting from the Board's or Referee's opinions without noting each instance of its use.

August 2, 2011 until October 29, 2014 for an average of 17½ hours per week at a rate of pay of $8.50 per hour, which averaged $148.75 per week.

2. The Claimant's primary job duties were to provide support to the Employer's staff technicians, including salon stylists, nail technicians, cosmetologists and massage therapist.

3. The Claimant['s] job duties included cleaning the Employer's premises, providing set up, answering phones, closing the Employer's premises as scheduled and acting as a receptionist and cashier.

4. The Employer has an employee handbook which describes the Employer's policies and procedures, which include the following:
A) Rule 701 – employee conduct and work rules – inappropriate behavior or rudeness to customers
B) Rule 502 – work schedules – all staff members are to be on salon premises at all times when scheduled. Anyone leaving for any reason, whether for lunch, running errands, leaving early for the day, or doing outside salon related business, must notify the owner or manager to have the schedule approved, and notify the front desk that you are leaving[.]

5. The Clamant signed an acknowledgment of receipt of the Employer's handbook.

6. On July 3, 2014, the Employer issued a written warning to the Claimant due [to] the Claimant being a no call/no show.

7. On October 2, 2014, the Employer observed the Claimant performing a facial wax on herself during work hours and issued a written warning to the Claimant.

8. On October 13, 2014, Employer issued a written warning to the Claimant due to the Claimant being 15 minutes tardy to work.

9. On October 17, 2014, the Employer issued a written warning to the Claimant's use of her personal cell phone during work hours and for the Claimant's failure to complete all of her job responsibilities.

10. On October 29, 2014, the Claimant asked a customer to pay for services performed by a salon stylist prior to the completion of such services.

11. The Claimant made the request to the customer due to the Claimant's desire to close the Employer's premises since this was the Employer's final customer for the day.

12. The Employer does not allow employees to request that customers pay for services until after the services are completed.

13. The Employer also asserted that the Claimant had failed to complete all of her job duties on October 29, 2014 in regard to sweeping and mopping floors.

14. [On] October 30, 2014, the Employer terminated the Claimant due to the Claimant's failure to adhere to the Employer's work rules and work schedule and the Claimant's failure to perform her job duties as required by the Employer.

Referee Decision, December 29, 2014, (Referee Decision), Findings of Fact (F.F.) Nos. 1-14, at 1-2.

The Referee reasoned:

The [R]eferee finds the Claimant's contention that all of her work duties were completed [on] October 29, 2014 prior to the Claimant's departure as not credible. The [R]eferee notes that the Employer had issued a plethora of verbal and written warnings to the Claimant in reference to attendance, cell phone usage and work performance. The Claimant should have been well aware that her job may be in jeopardy if she continued to not

3

perform her job duties as required by the Employer. Based upon the testimony and documentary evidence in the record, the [R]eferee finds the Claimant's actions rise to the level of willful misconduct.

Referee Decision at 2.

The Board adopted the Referee's findings and conclusions and affirmed the determination of the Referee as modified:

The [Board], after considering the entire record in this matter, concludes that the determination made by the Referee is proper under the [Law]. The Board further finds and concludes that the Claimant had not shown that she was subject to disparate treatment. The Claimant has not shown that she was similarly situated to the other employees. However, as the Claimant was separated from part time work, the Claimant is not eligible for benefits only to the extent of *Richards*.[3]

Board's Decision, February 18, 2015, (Board's Decision), at 1.

Claimant appeals that decision for review by this Court.[4] Claimant presents the following questions for review: "Why [were] past errors brought forth [as the] reason [for] termination, How was I found eligible for the same set of

---

[3] Richards v. Unemployment Compensation Board of Review, 480 A.2d 1338 (Pa. Cmwlth. 1984). Richards stands for the proposition that a claimant will not lose benefits by being fired from a part-time job for willful misconduct if the amount of money earned from the job on a weekly basis is less than the partial benefit credit provided in Section 404(d) of the Law, 43 P.S. § 804. See also Unemployment Compensation Board of Review v. Fabric, 354 A.2d 905 (Pa. Cmwlth. 1976) (applying the same for the voluntary resignation from a part-time job).

[4] In unemployment compensation cases, this Court's review is to determine whether the order of the Board is supported by substantial evidence, whether the adjudication was in accordance with the law, and whether constitutional rights were violated. 2 Pa.C.S. § 704; Devine v. Unemployment Compensation Review Board, 101 A.3d 1235, 1237 (Pa. Cmwlth. 2014).

4

reasons I was found ineligible, and Why was I not allowed to see or [to] get a copy of my file on [the] day of termination?" Claimant Brief at 4. Claimant also contends that the actual reason she was fired was because Employer believed she was going to move to New Jersey. Claimant Petition for Review, January 6, 2015, at 6.

Essentially, Claimant is arguing that the Board erred when it found Claimant to be ineligible for compensation under Section 402(e) of the Law. Claimant maintains the Board's findings of fact were not based on substantial evidence and that she was the victim of disparate treatment. This Court will address these issues.

**I. Whether Claimant Is Ineligible For Benefits Under Section 402(e) Of The Law?**

Section 402(e) of the Law, 43 P.S. § 802(e), provides that an employee shall be ineligible for compensation for any week "in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." "Willful misconduct" has been defined as the wanton and willful disregard of an employer's interests, deliberate violation of rules, disregard of the standards of behavior which an employer can rightfully expect from an employee, or negligence showing an intentional disregard of the employer's duties and obligations. Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 (Pa. Cmwlth. 2014). The employer bears the initial burden of establishing a claimant engaged in willful misconduct. Id. Where a violation of the employer's work rule is alleged as the basis for termination, the employer must show that the rule existed, the rule was reasonable,

5

and claimant was aware of the rule and violated it. Oyetayo v. Unemployment Compensation Board of Review, 110 A.3d 1117, 1121 (Pa. Cmwlth. 2015). If the employer makes that showing, then the burden shifts to the claimant to show good cause. Id. Whether a claimant's actions constitute willful misconduct is a question of law which is fully reviewable by this Court on appeal. Johns, 87 A.3d at 1009.

Karen Houshultz (Houshultz), owner of Employer, testified at the hearing before the Referee concerning Claimant's termination. "I told her that I would be terminating her due to her performance." Notes of Testimony, December 19, 2014, (N.T.) at 23. Employer told Claimant she was being terminated for "not doing your job, not completing chores, leaving before chores are done… [and] using [your] cell phone during work hours..." N.T. at 24. Employer also testified that Claimant requested payment from a customer before the customer was finished with spa procedures in violation of company policy. N.T. at 23. Employer submitted documentation of the employee handbook containing the relevant rules, Rule 502 and 701, which was signed by Claimant. N.T. at 4-8. This shows that these rules existed and the Claimant knew about them.

Betty Newport (Newport), Claimant's supervisor, also testified on behalf of Employer at the hearing. N.T. at 28. Newport described the condition of the shop on October 30, 2014: "There was a pile of dirt that…had been swept up…the day before that I put there and did not get to finish sweeping…it would have been swept up the night before if you had the chore… to sweep the entire floor area, but it was still there." N.T. at 29. However, neither Houshultz nor Newport were present at the time the shop closed on October 29, 2014, and could

6

only testify about the condition of the shop as it was on October 30, 2014. N.T. at 22-29.

Claimant testified about what happened on October 29, 2014: "[Employer] said I did not sweep…or mop the floor. However, I went downstairs during the course of the evening to do whatever I did, laundry, clean something, I'm sure, check on something and I came back up[stairs] and the massage therapist was mopping the floor upstairs." N.T. at 34. Claimant claimed that she did have permission to leave early once her chores were completed, and she never was reprimanded about asking customers to pay before their services were completed in the past. N.T. at 34-36.

The Board found the Claimant's testimony to be not credible and that October 29, 2014, was the latest instance of Claimant failing to perform her job functions in a satisfactory way. Board's Decision at 4. The Referee found that her job performance rose to the level of willful misconduct and that Employer met its burden of proof. Board's Decision at 4. The Board is the ultimate fact finder and has exclusive power to resolve conflicts in the evidence and to decide witness credibility and the weight to be accorded to the evidence. Wise v. Unemployment Compensation Board of Review, 111 A.3d 1256, 1261-1262 (Pa. Cmwlth. 2014).

## II. Whether the Board's Findings of Fact Were Supported By Substantial Evidence?

Claimant contends that she was actually fired because Employer believed she was going to move to New Jersey and the reasons stated for the termination in the Board's findings of fact do not reflect what actually happened.

7

In deciding whether there is substantial evidence to support the Board's finding, this Court must examine the testimony in the light most favorable to the prevailing party, in this case, the Employer, giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence. Stugart v. Unemployment Compensation Board of Review, 85 A.3d 606, 610 (Pa. Cmwlth. 2014). The Board's findings of fact are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. Guthrie v. Unemployment Compensation Board of Review, 730 A.2d 518, 521 (Pa. Cmwlth. 1999). The findings of fact are conclusive even if there is conflicting evidence. Ryan v. Unemployment Compensation Board of Review, 547 A.2d 1283, 1286 (Pa. Cmwlth. 1988).

In the present controversy, Claimant was terminated on October 30, 2014, for failing to preform her job duties and violating Employer's rules on October 29, 2014. Even though past rule violations were discussed and accepted as findings of fact by the Board, there was enough evidence presented in the record to show Claimant's failure to comply with Employer's rules on October 29, 2014, was the cause of Claimant's firing and the failure constituted willful misconduct.

## III. Whether Disparate Treatment Was Present In Claimant's Termination?

Claimant contends that she suffered disparate treatment in the course of her employment at Employer and that this treatment played a role in her termination.

8

Disparate treatment is an affirmative defense by which a claimant who has engaged in willful misconduct may still receive benefits if the claimant makes an initial showing that the employer discharged the claimant but did not discharge other employees that engaged in similar conduct, the claimant was similarly situated to other employees who were not discharged, and the employer discharged the claimant based on improper criteria. Geisinger Health Plan v. Unemployment Compensation Board of Review, 964 A.2d 970, 974 (Pa. Cmwlth. 2009). Examples of what "similarly situated" may mean are employees with similar job responsibilities, work histories, or levels of misconduct. Id. at 982, n.7 (Friedman, J., dissenting). "Improper criteria" is similar to what would be a protected class in an employment discrimination case such as race or age. Id. at 974 n.5. The mere fact that one employee is discharged for willful misconduct and others are not discharged for the same or similar conduct does not establish disparate treatment. Id. at 975 citing American Racing Equipment, Inc., v. Unemployment Compensation Board of Review, 664 A.2d 480, 483 (Pa. Cmwlth. 1991).

Claimant argues that other employees also used their cellphones at work, left early, and requested that customers pay for services before those services were completed, but they were not fired for those things. Claimant contends that Employer was "targeting me due to the fact that I have a [boyfriend] in New Jersey." Claimant's Petition for Review, January 6, 2015, at 6.

Claimant neither submitted evidence that she was similarly situated to other employees that allegedly participated in the same behavior but were not fired, nor has she submitted evidence that her dismissal was based on improper criteria.

9

The claimant has the burden to make the initial showing of disparate treatment. Geisinger, 964 A.2d at 974. Houshultz testified that Claimant did not have a cosmetology license while other employees did. N.T. at 13-15. The Board also noted that "Employer had issued a plethora of verbal and written warnings to the Claimant in reference to attendance, cell phone usage and work performance." Board's Decision at 4. Additionally, "Employer's witnesses testified that the Claimant had been warned about adhering to her work schedule and about her job performance and attendance on numerous occasions." Board's Decision at 4. Claimant did not provide evidence that other employees had similar disciplinary records. Further, the requirement of a cosmetology license for certain job functions at Employer may result in employees not being similarly situated. Claimant also contends that she was fired because she had a boyfriend in New Jersey and the Employer believed she might move with him to New Jersey, not that she was fired for improper criteria. The Referee and the Board properly found that Claimant failed to meet her burden of proving disparate treatment.

Accordingly, the determination of the Board is affirmed.

_____
BERNARD L. McGINLEY, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jenny M. Faatz,               :
          Petitioner        :
                             :
           v.              :
                             :
Unemployment Compensation    :
Board of Review,             :     377 C.D. 2015
          Respondent     :

## **O R D E R**

AND NOW, this 11th day of August, 2015, the determination of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

 

                                   _____
                                   BERNARD L. McGINLEY, Judge