IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David B. Wagner,                :
                                  : No. 1046 C.D. 2015
             Petitioner    : Submitted: January 22, 2016
                                  :
          v.                     :
                                  :
Unemployment Compensation    :
Board of Review,                :
                                  :
             Respondent    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                FILED: February 24, 2016

        David B. Wagner (Claimant) petitions for review of the May 28, 2015, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits. The UCBR determined that Claimant was ineligible for benefits because he was discharged from work for willful misconduct under section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) of the Law provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work." 43 P.S. §802(e).

Claimant worked for Sears Roebuck (Employer) as a sales representative from November 2012 to February 4, 2015. (UCBR's Findings of Fact, No. 1.) Claimant was paid based on commission. (*Id.*) Employer has a policy requiring employees to record all hours worked on a time and attendance device. (*Id.*, No. 2.) Employees clock in at the beginning of their shifts and clock out at the end. (*Id.*) Employer provides its policies to employees upon hiring and posts the policies on its internal website. (*Id.*, No. 3.)

On January 26, 2015, Claimant clocked in after his lunch break at 4:08 p.m. (*Id.*, No. 4.) Rachel Kress, the assistant store manager and Claimant's supervisor, was returning from her lunch break and observed Claimant leave the building at approximately 4:30 p.m. (*Id.*, No. 5.) Kress checked the time sheet, which showed that Claimant did not punch out. (*Id.*, No. 6.) Claimant did not return to complete his shift.[2] (*Id.*) Claimant next worked on January 28, 2015, (N.T., 4/7/15, at 3; R. Item No. 3, Ex. 6), at which time he changed his time sheet to indicate that he clocked out at 8:55 p.m. on January 26, 2015. (UCBR's Findings of Fact, No. 7.)

Kress confronted Claimant, who admitted that he had left work early on January 26, 2015, and later altered his time sheet. (*Id.*, No. 8.) Claimant was discharged on February 4, 2015, for leaving work without permission and altering his time sheet to reflect hours that he did not work. (*Id.*, No. 10.)

---

[2] Kress testified that Claimant was scheduled to work until 9:00 p.m. on January 26, 2015. (N.T., 4/7/15, at 5.)

2

Claimant filed a claim for UC benefits, which the local service center granted. Employer appealed to the referee, who held a hearing on April 7, 2015. The referee concluded that: (1) Employer has a policy providing for an employee's discharge for failing to accurately record time worked; (2) Claimant was aware of Employer's policy; and (3) Claimant failed to establish good cause for violating the policy. The referee discredited Claimant's testimony that he forgot to clock out on January 26, 2015, and that he forgot that he left work early that night when he later adjusted his time sheet to indicate that he worked almost his entire shift. Thus, the referee concluded that Claimant engaged in willful misconduct under the Law and reversed the local service center's award of UC benefits. Claimant appealed to the UCBR, which affirmed. Claimant now petitions this court for review of that decision.[3]

First, Claimant argues that his altering of his time sheet was not willful misconduct because, as an unsalaried employee paid by commission, Claimant did not receive unearned pay by altering his time sheet. We disagree.

This court has defined willful misconduct as:

(1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, or evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations.

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

*Lewis v. Unemployment Compensation Board of Review*, 42 A.3d 375, 377 (Pa. Cmwlth. 2012). Where an employer discharges an employee for violating a work policy, the employer bears the burden of proving the existence of the policy, the reasonableness of the policy, and that the employee was aware of and violated the policy. *Oyetayo v. Unemployment Compensation Board of Review*, 110 A.3d 1117, 1121 (Pa. Cmwlth. 2015). The burden then shifts to the employee to show good cause for his or her conduct, i.e., that his or her conduct was justifiable and reasonable under the circumstances. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). The employer is not required to show that it suffered a detriment or that the employee intended to defraud the employer. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 198 (Pa. 1996).

Here, the UCBR credited Kress's testimony that Employer had a policy requiring employees to clock out at the end of their shifts and accurately record time worked and that Employer informed Claimant of the policy when it hired him. The UCBR also credited Kress's testimony that Claimant violated this policy by failing to clock out before he left work at 4:30 p.m. without permission and altering his time sheet to indicate that he left work at 8:55 p.m. Finally, the UCBR credited Kress's testimony that Claimant admitted these actions when Kress confronted him, thus establishing the deliberate nature of Claimant's violation. Contrary to Claimant's argument, the fact that his conduct did not result in his receiving unearned pay at the expense of Employer does not preclude a finding of willful misconduct. Therefore, based on Kress's credible testimony, the UCBR properly concluded that Claimant's violation of Employer's time-punch policy constituted willful misconduct.

4

Next, Claimant argues that his altering of his time sheet was not willful misconduct because (1) Employer did not discharge other employees for similar conduct, and (2) Kress testified that Employer might not immediately discharge an employee for similar conduct where the employee had worked for Employer for many years. We disagree.

Initially, we note that disparate treatment is not an argument against a finding of willful misconduct; rather, it "is an affirmative defense by which a claimant who has engaged in willful misconduct may still receive benefits." *Geisinger Health Plan v. Unemployment Compensation Board of Review*, 964 A.2d 970, 974 (Pa. Cmwlth. 2009) (*en banc*). To establish this defense, the claimant must show that:

> (1) the employer discharged claimant, but did not discharge other employees who engaged in similar conduct; (2) the claimant was similarly situated to the other employees who were not discharged; and (3) the employer discharged the claimant based upon an improper criterion.

*Id.*

Here, the UCBR did not find that Employer failed to discharge other employees for the same conduct as Claimant. Additionally, Claimant did not show that the policy was enforced unequally. When Kress was asked on cross-examination if Employer enforced its time-punch policy differently for employees who had worked for Employer for more than 20 years, she replied, "I don't know for sure. That's the only exception . . . in a hypothetical. I don't know that." (N.T., 4/7/15, at 15-16.) Kress did not confirm that Employer would enforce the time-punch policy differently in that

5

hypothetical scenario, nor did she testify to any specific instance of such enforcement. Therefore, Claimant failed to establish disparate treatment.

Next, Claimant argues that Employer did not meet its burden of showing that Claimant was aware of the time punch policy. We disagree. Here, Employer entered the policy into evidence. (*Id.* at 3; R. Item No. 3, Ex. 2L.) The UCBR credited Kress's testimony that employees receive a copy of the policy at the time of hire and that the policy is posted on Employer's internal website. Therefore, Claimant should have been aware of the policy.

Finally, Claimant argues that he had good cause for leaving work early and altering his time sheet because he was ill and altering time sheets is an accepted practice in Employer's workplace. We disagree. The UCBR is the sole arbiter of witness credibility and evidentiary weight. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999). Here, Kress testified that altering time sheets is neither routine nor permitted. (N.T., 4/7/15, at 15.) The UCBR determined that Claimant "failed to offer any credible account that would establish good cause." (UCBR's Decision at 3.) Therefore, based on the credible evidence, Claimant failed to establish good cause for his actions.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David B. Wagner,                      :
                                      : No. 1046 C.D. 2015
                    Petitioner        :
                                      :
              v.                      :
                                      :
Unemployment Compensation             :
Board of Review,                      :
                                      :
                    Respondent        :


O R D E R


AND NOW, this 24th day of February, 2016, we hereby affirm the May 28, 2015, order of the Unemployment Compensation Board of Review.


ROCHELLE S. FRIEDMAN, Senior Judge