Timothy Roper, : 
                    Petitioner : 
: 
          v. : 
: 
Unemployment Compensation : 
Board of Review, : No. 684 C.D. 2016
                 Respondent : Submitted: September 2, 2016


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE              FILED:  March 3, 2017


        Timothy Roper (Claimant) petitions for review from a decision of the Unemployment Compensation Board of Review (Board), which affirmed the dismissal of his appeal by an Unemployment Compensation Referee (Referee) on the basis it was untimely filed. For the reasons set forth below, we affirm the decision of the Board.

        The relevant facts are as follows. Claimant worked for Worldwide Flight Services (Employer) from June 11, 2011 until October 10, 2014. When Claimant filed for unemployment, he informed the Unemployment Compensation Service Center (Service Center) he was unemployed due to lack of work. He was awarded benefits in the amount of $434.00 per week and received benefits for five weeks. Employer subsequently notified the Service Center that Claimant voluntarily quit his employment. On August 31, 2015, Claimant was mailed a Notice of Determination (Determination) that, having voluntarily quit and not

shown a necessitous and compelling reason for quitting, he was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] On September 1, 2015, Claimant was mailed a Notice of Determination of Overpayment of Benefit (Overpayment Determination), pursuant to Section 804(a) of the Law[2] and a Notice of 15% Penalty Determination (Penalty Determination), pursuant to Sections 801(b) and (c) of the Law.[3] It was determined Claimant had a fault overpayment of $2,170.00 and was liable for a fifteen-percent penalty of $325.50.

The last day to appeal the Determination was September 15, 2015. The last date to appeal both the Overpayment Determination and Penalty Determination was September 16, 2015. Claimant faxed his appeal on February 2, 2016. Following a hearing held February 23, 2016, Claimant's Petition for Appeal was dismissed as untimely by the Referee. Claimant appealed to the Board, which affirmed the decision of the Referee.[4]

Claimant petitions this Court for review,[5] stating he was denied unemployment compensation benefits. Although he acknowledges having

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a).

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 871(b), (c).

[4] Claimant's appeal filed February 2, 2016 indicates he is appealing a determination dated September 16, 2015. There is no record of any notice of determination dated September 16, 2015. Because the last date to appeal the Overpayment Determination and Penalty Determination was September 16, 2015, we presume Claimant intended to appeal those determinations. When transcribing Claimant's faxed appeal, the Service Center noted the determination date was August 31, 2015. The Board's decision, however, encompassed the timeliness of Claimant's appeal for all three notices of determination.

[5] The Court's review is limited to determining whether Claimant's constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings

received a debit card and paperwork, he alleges he never received or spent any funds, and Claimant requests that any penalties be removed from his account. Claimant does not, however, argue exceptions to the untimeliness of his appeal.[6]

Section 501(e) of the Law provides in relevant part that a determination of the department is final unless an appeal is filed within fifteen days after a notice is mailed to a claimant's last known post office address.[7] Board regulations further provide that an appeal of a determination shall be filed "on or before the 15th day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him at his last known post office address." 34 Pa.Code § 101.82(a). This fifteen-day limit is mandatory and if an appeal of the determination is not filed within fifteen days of its mailing, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996).

If there is evidence in the record that the determination was mailed to the claimant's last known address and not returned as undeliverable, there is a presumption the referee may invoke in reaching a determination that the claimant had proper notice. *Gaskins v. Unemployment Compensation Board of Review,* 429 A.2d 138, 140 (Pa. Cmwlth. 1981). Pursuant to Board regulations, the "[m]ailing of notices, orders, or decisions of a referee, or of the Board to the parties at their last known addresses as furnished by the parties to the referee, the Board, or the

---

are supported by competent evidence. *Dull v. Unemployment Compensation Board of Review,* 955 A.2d 1077, 1079 n.2 (Pa. Cmwlth. 2008).

[6] Claimant does not request or argue the right to appeal nunc pro tunc, nor do we rule on the viability of such a request prospectively.

[7] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

Department, shall constitute notice of the matters therein contained." 34 Pa.Code §101.53.

The Board, in affirming the decision of the Referee, found all three notices were mailed to the Claimant at his last known address and were not returned as undeliverable. (Board's Decision and Order, Certified Record (C.R.) Item 12 at 1.) The Board also found the notices informed Claimant the last days on which to appeal were September 15 and 16, 2015, and Claimant filed his appeal on February 2, 2016. *Id.* Further, the Board found Claimant did not credibly overcome the presumption he received the notices. *Id.* at 2. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. *Id.* Concluding the Claimant's appeal was properly dismissed under Section 501(e) of the Law, the Board affirmed the decision of the Referee. *Id.*

Claimant testified he never received the Determination and only became aware of a problem when he filed his taxes. (Hearing Transcript, C.R. Item 9 at 3.) He acknowledged the address to which the notices were sent was correct. *Id.* Claimant was living at that address in September. *Id.* at 4. In the Decision rendered after the hearing, the Referee found the Determination disqualifying Claimant for unemployment was mailed on August 31, 2015 to his last known post office address. (Referee's Decision, C.R. Item 10 at 1.) The Determination was not returned by postal authorities as undeliverable. *Id.* The Determination informed Claimant the last day to appeal was September 15, 2015 and Claimant filed his appeal on February 2, 2016. *Id.* Claimant was not misinformed or misled regarding the right of appeal or the need to appeal. *Id.*

There is no dispute that Claimant failed to timely appeal the Determination of the Service Center. In his brief, he acknowledges having received documents related to the original grant of benefits. (Claimant's Brief at

8.) Claimant further acknowledges having received a notice denying him benefits, the receipt of which caused him to obtain other employment. *Id.* at 6. The bulk of Claimant's argument centers on whether he spent the benefits originally granted to him. But the issue on appeal is solely one of the timeliness of Claimant's appeal. The Board is the ultimate finder of fact and is empowered to make credibility determinations. *Oyetayo v. Unemployment Compensation Board of Review*, 110 A.3d 1117, 1121 (Pa. Cmwlth. 2015.) The findings of the Board are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Accordingly, we affirm the decision of the Board.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Roper,              :
           Petitioner    :
                          :
      v.                :
                          :
Unemployment Compensation   :
Board of Review,          :   No. 684 C.D. 2016
           Respondent  :

## O R D E R

AND NOW, this 3rd day of March, 2017, the order of the Unemployment Compensation Board of Review dated March 17, 2016 is affirmed.

_____
JOSEPH M. COSGROVE, Judge