**Henry J. OWOC, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 2002.
Decided Oct. 22, 2002.

Henry J. Owoc, petitioner, pro se.

Maribeth Wilt–Seibert, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, J., and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Henry Owoc (claimant), acting *pro se,* has filed a petition for review of the determination of the Unemployment Compensation Board of Review (Board) denying him benefits on the basis of Section 402(h) of the Unemployment Compensation Law (Law), Act of November 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h). We affirm the decision and order of the Board.

In 1993 claimant established a partnership that was to handle his family finances. The partnership, Pendleton Limited Partnership, involved claimant and his wife. Likewise, claimant was an employee of Karavan Knight until December 8, 2000. Subsequently, he separated from his em-

ployment with Karavan Knight, and effective December 10, 2000, claimant was qualified and did receive unemployment compensation benefits through June 16, 2001. Claimant filed a new application for benefits effective December 9, 2001. Claimant alleged that between December 10, 2000 and December 9, 2001 he "rented himself to Matamatic as an employee and earned approximately $10,000 in wages in that capacity." (Notes of Testimony, p. 4.)

The Office of Employment Security denied benefits on the basis of Section 402(h) of the Law, 43 P.S. § 802(h), relating to self-employment. Claimant filed an appeal of this determination, and an evidentiary hearing was held before a referee at which claimant conceded that he was self-employed. The referee affirmed the denial of benefits, finding that claimant was self-employed and thus ineligible for benefits. The Board affirmed.

▆▆▆ Before this Court, claimant essentially argues that the law is wrong, that he should not be considered self-employed because he provided service for only one company. Our scope of review in an unemployment compensation case is limited to determining whether an error of law has been committed, whether constitutional rights have been violated, or whether necessary findings of fact are supported by substantial evidence. *McIntyre v. Unemployment Compensation Board of Review*, 687 A.2d 416 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 548 Pa. 640, 694 A.2d 624 (1997). In unemployment compensation proceedings, the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. Id. Findings made by the Board are conclusive and binding on appeal if the record, examined as a whole, contains substantial evidence to support the findings. Id. It is well-settled in Pennsylvania that the un-

employment compensation law is not a vehicle to be used to compensate persons who suffered from a failed business venture. *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A.2d 254 (1948). Unemployment compensation benefits are not available to entrepreneurs who have closed their doors, nor, to the established business person who suddenly finds that the family's pride in their corner deli was not enough to keep the store open. Unemployment compensation benefits are available to employees—not to the owner. *Id.* In determining whether a person is self-employed we look to Section 4(*l*)(2)(B) of the Law, which prohibits compensation for employment where the individual is free from control or direction over the performance of services and where the individual is customarily engaged in an independently established trade, occupation, profession, or business. 43 P.S. § 753(*l*)(2)(B). Further, we must consider *Starinieri Unemployment Case*, 447 Pa. 256, 289 A.2d 726 (1972), and the admonition that persons who exercise a substantial degree of control over their corporations become unemployed business persons when their business ventures are unsuccessful.

▆▆▆ As applied herein, the undisputed facts of record indicate that after the Pendleton Limited Partnership, a partnership controlled by claimant and his wife, was closed by the State of Nevada, claimant began to operate as a consultant and in that capacity provided services to Matamatic. The evidence of record reveals that Matamatic issued a 1099 form to claimant; claimant exercised control over the entity for which he provided services; claimant exercised control over his schedule, his work place, and his office. That evidence establishes that claimant was an independent contractor, and was not an employee of Matamatic. Therefore, the Board was

correct in determining that claimant was the owner of his own business.

Likewise, the Board correctly determined that claimant was able to provide services to anyone who sought his business and that Matamatic did not exercise control over claimant. Based thereon we conclude that the Board properly determined that claimant was ineligible for benefits.

Accordingly, the order of the Unemployment Compensation Board of Review is affirmed.

### ORDER

**AND NOW,** this 22nd day of October 2002, the Order of the Unemployment Compensation Board of Review is **AFFIRMED.**