IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William B. Boyle, Jr.,                  :
                        Petitioner       :
                                          :
            v.                            :
                                          :
Unemployment Compensation                :
Board of Review,                         :      No. 303 C.D. 2016
                        Respondent        :      Submitted: August 5, 2016


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: October 24, 2016


        William B. Boyle, Jr. (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) January 28, 2016 order affirming the Referee's decision denying Claimant UC benefits under Section 402(e) of the UC Law (Law).[1]  Essentially, the issue for this Court's review is whether the UCBR erred in determining that Claimant committed willful misconduct.[2]  After review, we affirm.

_____

        [1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).
        [2] Claimant's Statement of the Questions Involved contains five questions:
            1.    Were the findings and claims factual? . . .
            2.    Did the [R]eferee fully grasp the scope of business and nature of sales calls? . . .
            3.    Was it proven that [Claimant] did not work full days as stated in [the] original letter of appeal? . . .
            4.    Was [Claimant] at a disadvantage being on the phone for [the] appeal hearing while [the] other party [was] present with [the] [R]eferee? . . .

Claimant was employed by Exeter Supply Co., Inc. (Employer) as a full-time salesman from February 2005 through October 28, 2015. Claimant's compensation included a $35,000.00 annual salary plus commission. Claimant was required to start his workday at 8:00 a.m. making sales calls, and to work until at least 4:00 p.m. Claimant's position also often required him to take salespersons with specific expertise regarding particular Employer products (Specialty Salesperson, Specialty Salespeople) along with him on sales calls in his territory. In those circumstances, Employer repeatedly informed Claimant that when he was traveling with a Specialty Salesperson, he was required to fill his day with sales calls. Claimant was aware that he was responsible for contacting Employer's general manager Randy Moore (Moore) or sales manager Marc Miller (Miller) if he would be traveling with a Specialty Salesperson without having a full day of calls scheduled.

On October 7, 2015, Claimant traveled with a Specialty Salesperson, making his last call shortly after 1:00 p.m. On October 15, 2015,[3] Claimant traveled with a Specialty Salesperson, making his last call shortly after 12:00 p.m. On October 27, 2015, Claimant traveled with a Specialty Salesperson and parted ways with him at approximately 2:00 p.m., informing the Specialty Salesperson that he needed to get home. On these dates, Claimant did not inform Moore or Miller that he did not have a full day of sales calls scheduled for the Specialty Salesperson. On October 28, 2015, after learning of these incidents, Employer's president Robert Diefenderfer (Diefenderfer) discharged Claimant due to ending his workdays early,

5. Did [Claimant's former employer, Exeter Supply Co., Inc.,] prove willful misconduct . . . ?

Claimant's Br. at 5. These issues are subsumed within the issue of whether the UCBR erred in determining that Claimant committed willful misconduct.

[3] Finding of Fact 7 incorrectly references a date of October 5, 2015. The testimony reflects that the incident actually occurred on October 15, 2015.

2

and for failing to fill his days as required when working with the Specialty Salespeople.

Claimant applied for UC benefits. On November 16, 2015, the Duquesne UC Service Center found Claimant eligible for UC benefits. Employer appealed and, on December 11, 2015, a Referee hearing was held. Claimant participated by telephone, and Employer's witnesses appeared in person. On December 15, 2015, the Referee reversed the UC Service Center's determination and found Claimant ineligible for benefits under Section 402(e) of the Law. Claimant appealed to the UCBR. On January 28, 2016, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[4]

Claimant contends that the UCBR erred when it held that Employer established willful misconduct. Specifically, Claimant argues that the UCBR did not accurately comprehend the nature of his sales position, and that Employer failed to prove that he terminated his work days early since, according to Claimant, he returned home to do paperwork and prepare quotes for Employer. Instead, Claimant asserts "all that was proven was that [Claimant] did not complete [a] full day WITH others." Claimant's Br. at 8.

Section 402(e) of the Law disqualifies an employee from UC benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work[.]" 43 P.S. § 802(e).

---

[4] "This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed." *Stugart v. Unemployment Comp. Bd. of Review*, 85 A.3d 606, 608 n.3 (Pa. Cmwlth. 2014).

3

The law is well-established that:

The employer bears the burden of proving willful misconduct in order to disqualify a claimant from receiving benefits. Where the claimant's misconduct is based on the violation of an employer's rule or policy, the employer bears the burden of establishing both the existence of the rule or policy and its violation by the claimant. Once the employer has established the rule and its violation, the burden shifts to the claimant to demonstrate either that the rule is unreasonable or that good cause existed to violate the rule. Whether a claimant has good cause to violate an employer's rule or policy is a question of law subject to this court's review and should be viewed in light of all of the attendant circumstances.

*Docherty v. Unemployment Comp. Bd. of Review*, 898 A.2d 1205, 1208 (Pa. Cmwlth. 2006) (citations omitted).

A determination of what conduct will rise to the level of willful misconduct requires a consideration of 'all of the circumstances, including the reasons for the [claimant's] noncompliance with the employer's directives.' *Navickas*[ *v. Unemployment Comp. Bd. of Review*], . . . 787 A.2d 284[, 288 (Pa. 2001)] (quoting *Rebel v. Unemployment Comp*[.] *B*[*d.*] *of Review,* . . . 723 A.2d 156, 158 ([Pa.] 1998)) (emphasis added). Where the action of the claimant is justifiable or reasonable under the circumstances, i.e., where the claimant has good cause for violating the rule, it is not willful misconduct because it cannot properly be charged as a willful disregard of the employer's interest or rules or of the standard of conduct which the employer has a right to expect.

*Docherty*, 898 A.2d at 1209 (citations omitted).

This Court has explained:

In [UC] matters, 'the [UCBR] is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses.' *Owoc v. Unemployment Comp*[.] *B*[*d.*] *of Review,* 809 A.2d 441, 443 (Pa. Cmwlth. 2002). 'Findings made by the [UCBR] are

conclusive and binding on appeal if the record, examined as a whole, contains substantial evidence to support the findings.' *Id.*

*Goppman v. Unemployment Comp. Bd. of Review*, 845 A.2d 946, 947 n.2 (Pa. Cmwlth. 2004).

> Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, in this case, the [e]mployer, giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999).

In Findings of Fact 5 and 6, the UCBR found that Claimant was aware that he was required to schedule full days of sales calls when traveling with Specialty Salespeople and, if and when he did not have a full day of sales calls scheduled, he was required to contact Moore or Miller. These findings are supported by Diefenderfer's, Moore's and Claimant's testimony. *See* Certified Record (C.R.) Item 8, Notes of Testimony, December 11, 2015 (N.T.) at 6, 7, 14, 27. In Findings of Fact 7 through 11, the UCBR found that, on specific dates, Claimant traveled with a Specialty Salesperson, failed to have a full day of sales calls, and returned home before 4:00 p.m. These findings are supported by the testimony of Specialty Salespersons Brendan Line (Line) and Kevin Rowe. *See* N.T. at 25-26, 21-22. Further, in Finding of Fact 12, the UCBR found that on the subject dates, Claimant failed to inform Moore and Miller that he did not have a full day of sales calls scheduled for the Specialty Salespeople. This finding is supported by Claimant's admission that he did not notify Employer on the dates in question. *See* N.T. at 30. Further, the Referee and the UCBR did not find Claimant's testimony credible that on

the days he returned home early, he continued to work on paperwork and quotes. *See* C.R. Item 9, Referee's Decision/Order, December 15, 2015 at 2, C.R. Item 12, UCBR Order, January 28, 2016 at 1. The UCBR was free to judge witness credibility and make factual findings based on the testimony. *Goppman.*

The record contains substantial evidence that Claimant was aware of Employer's directives that he work a full day and that he schedule a full day of sales calls when traveling with a Specialty Salesperson, or notify Employer otherwise. The record evidence also establishes that Claimant failed to comply with those directives. Thus, we must consider whether Claimant demonstrated good cause for violating Employer's directives.

In his brief, Claimant asserts that he had good cause for not adhering to Employer's rules. First, he maintains that his car broke down on October 5, 2015 and, therefore, he was unable to continue his sales calls. (It is unclear whether Claimant was actually referring to October 15, 2015.) Claimant states that he can offer documentary evidence proving that his car was towed to a repair shop on that date. However, the UCBR did not find Claimant to be a credible witness, and the certified record does not contain any such documentary evidence.

The Hearing Notice mailed on November 25, 2015, notified Claimant that he would participate by telephone and that he was required to submit any documents to be used at the hearing at least five days before the December 11, 2015 hearing. *See* C.R. Item 7, Notice of Hearing, November 25, 2015 at 1. Section 101.130(e) of the UCBR's regulations states:

> When any testimony will be given from or with the aid of a document not previously distributed to the parties by the tribunal, the party expecting to introduce the document shall deliver it to the tribunal, and the tribunal shall distribute it to each other party and, if known, counsel or authorized agent before or at the beginning of the testimony. The tribunal may require that the documents be delivered up to 5

6

days in advance of the hearing. *See* § 101.131(h) (relating to conduct of a telephone hearing).

34 Pa. Code § 101.130(e).

> This Court has explained:

> The UCBR's regulation at 34 Pa.Code § 101.130 sets forth the procedure for receiving testimony from a witness by telephone. Section 101.130(e) requires that, before such a witness testifies from, or with the aid of, a document, the party offering the testimony must have provided the document to the opposing party. Where a party fails to provide the document as required by section 101.130(e), the document 'may not be admitted nor testimony given or taken from it unless consent has been requested from and given by all parties. Testimony taken or given in violation of this subsection will be excluded from consideration, as will the document.' 34 Pa.Code § 101.131(h) . . . .

*Ellis v. Unemployment Comp. Bd. of Review*, 749 A.2d 1028, 1032 (Pa. Cmwlth. 2000) (emphasis and footnote omitted). Although Claimant stated in his brief to this Court that "he can obtain proof from both AAA and [the repair shop] to substantiate[,]" his claim, such documents are not part of the record evidence, and therefore, we are precluded from relying on it. Claimant's Br. at 12.

Claimant also contends that an October 27, 2015 sales call was cancelled at the last minute by the client, and that he has a document demonstrating the same. Claimant sought to offer this document at the hearing, however, was precluded from doing so or discussing it because he failed to produce it before the hearing as set forth in the hearing notice and in accordance with the UCBR's regulations and this Court's case law. *See* N.T. at 15-16. Claimant acknowledged at the hearing that he did not submit the document regarding the October 27, 2015 sales call before the hearing. *See* N.T. at 15. "This Court may not consider any evidence that is not part of the certified record on appeal." *Pa. Turnpike Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009).

7

Claimant further alleges that, after learning last minute that the October 27, 2015 appointment was cancelled, he notified Line that he had no sales calls scheduled for him, but Line insisted on accompanying him anyway. Even assuming Claimant's statement was true, Claimant offered no explanation for his admitted failure to notify Employer's general manager or sales manager that he had no appointments scheduled for Line or the other Specialty Salespeople on the dates at issue:

> R[eferee:] Sir, is there any reason you weren't contacting [Miller] or [Moore] when these situations would come up when you would be out with these [S]pecialty [S]alespeople and you weren't able to fill the day?
>
> C[laimant:] No. It was probably – it obviously was not what I should have done. I did fill my day as best I could with them and like I said, things come up during the day with sales. I know that if they part ways with me and I part ways with them[,] it does not mean either of us are done working. As a territory manager, I just wanted to make sure my territory was covered. I probably should have communicated a little bit better and I understand that.

N.T. at 30. Based on the record evidence, Claimant failed to demonstrate good cause for violating Employer's directives. Accordingly, we conclude that substantial evidence supports the UCBR's determination that Claimant was properly denied UC benefits for engaging in willful misconduct.[5]

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] Claimant maintains that he was at a disadvantage at the hearing because he participated by telephone. However, Claimant stated at said hearing that he had no objection to doing so. *See* N.T. at 1.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William B. Boyle, Jr.,      :
             Petitioner      :
                             :
          v.               :
                             :
Unemployment Compensation      :
Board of Review,      :      No. 303 C.D. 2016
             Respondent      :

## O R D E R

AND NOW, this 24th day of October, 2016, the Unemployment Compensation Board of Review's January 28, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge