IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giant Eagle, Inc.,                          :
                    Petitioner             :
                                            :
          v.                                : No. 1184 C.D. 2017
                                            : Argued:  May 8, 2018
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent             :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED: May 30, 2018


            Giant Eagle, Inc. (Employer) petitions for review of an order of the

Unemployment Compensation Board of Review (Board) finding Stanley J.

Semerod (Claimant) not ineligible for unemployment compensation (UC) benefits

under Section 402(e) of the Unemployment Compensation Law (Law)[1] because

Employer failed to establish that Claimant's discharge was due to willful

misconduct.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§
751-918.10.  Section 402(e) provides, in pertinent part, "An employe shall be ineligible for
compensation for any week . . . [i]n which his unemployment is due to his discharge or
temporary suspension from work for willful misconduct connected with his work, irrespective of
whether or not such work is 'employment' as defined in this act . . . ."  43 P.S. § 802(e).

**I.**

The underlying facts are largely undisputed.  Claimant worked as a full-time pharmacist for Employer from October 3, 1989, until January 27, 2017, when he was discharged for allegedly violating Employer's written policy prohibiting employees from breaking the "law."  The "law" that Claimant purportedly violated was the State Board of Pharmacy regulation (Pharmacy Code)[2] prohibiting pharmacy technicians from "[a]ccept[ing] or transcrib[ing] an oral order or telephone prescription . . . ."  49 Pa. Code § 27.12(d)(3)(i).[3]  Claimant was alleged to have violated the law when, on at least two occasions, he permitted a pharmacy technician to call a doctor to request "clarification" on prescriptions that provided conflicting instructions.

On one occasion, Claimant permitted the pharmacy technician to call a doctor to request clarification for a prescription of birth control written for 21 days or 28 days.  On another occasion, he permitted the pharmacy technician to call a doctor to request clarification for a prescription that stated, "Take one as directed, take as directed on package."  (Reproduced Record (R.R.) at 74a.)  Although Claimant was not certain whether the law permitted him to delegate this

---

[2] *See generally* Chapter 27 of Title 49 of the Pennsylvania Code.

[3] A "prescription" is defined as "[a] written, electronic or oral order issued by a licensed medical practitioner in the course of professional practice for a controlled substance, other drug or device, or medication which is dispensed for use by a consumer."  49 Pa. Code § 27.1; *see also* Section 2(8) of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. § 390-2(8) (defining "Prescription" as "a written or oral order issued by a duly licensed medical practitioner in the course of his professional practice for a controlled substance, other drug or device or medication which is dispensed for use by a consumer.").  An "Order" is defined as "[a]ny directive from a medical practitioner."  49 Pa. Code § 27.1.

responsibility to the pharmacy technician, he never asked his supervisor for permission or instruction on the matter.

On February 15, 2017, Claimant filed an application for benefits with the Erie UC Service Center (Service Center), which issued a notice of determination finding Claimant's conduct was not tantamount to willful misconduct, and, therefore, he was not ineligible for benefits under Section 402(e) of the Law, 43 P.S. § 802(e). Employer appealed and, following a hearing and testimony,[4] the Referee affirmed the Service Center's determination. The Board then also affirmed, concluding that Claimant's conduct did not violate the law. As the Board reasoned:

> These prescriptions were already written, so they were not "an oral order or telephone prescription" and the first prohibition does not apply. In each case, the prescribing doctor presented two potential meanings for the prescriptions: (1) either a twenty-one day prescription or a twenty-eight day prescription and (2) either "Take one as directed" or "take as directed on package." In each case, the pharmacist technician was exercising no "discretion or independent professional judgment," so the second prohibition does not apply.
>
> Although the Board does not question the employer's right to discharge the claimant, it cannot conclude that the employer met its burden to show that he violated the regulation cited.

---

[4] In addition to Claimant's testimony, Employer offered the testimony of Andrew Gaus, Kelly Greene, and William Rumcik, Jr.

(R.R. at 104a.)  Employer then filed this petition for review.[5]

## II.

On appeal, Employer once again contends that Claimant knowingly violated its written policy prohibiting employees from breaking the law when he directed a pharmacy technician, on at least two occasions, to call a prescribing doctor and take oral "clarifications."

## A.

The standard for willful misconduct is well-defined as:

> (1) a wanton and willful disregard of the employer's interests; (2) **a deliberate violation of the employer's rules**; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, or evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations.

*Adams v. Unemployment Compensation Board of Review*, 56 A.3d 76, 78 (Pa. Cmwlth. 2012) (emphasis added).

---

[5] Our review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence.  *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).  In UC matters, "the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses."  *Owoc v. Unemployment Compensation Board of Review*, 809 A.2d 441, 443 (Pa. Cmwlth. 2002).  "Findings made by the Board are conclusive and binding on appeal if the record, examined as a whole, contains substantial evidence to support the findings."  *Id.*

Where an employer bases a claim of willful misconduct on the violation of a work rule, it bears the initial burden of proving the existence of a reasonable work rule and its violation. *Daniels v. Unemployment Compensation Board of Review*, 755 A.2d 729, 731 (Pa. Cmwlth. 2000). The employer must also show the intentional and/or deliberate violation of the work rule. *BK Foods, Inc. v. Unemployment Compensation Board of Review*, 547 A.2d 873, 875 (Pa. Cmwlth. 1988). An inadvertent or negligent violation of an employer's rule may not constitute willful misconduct. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 426 (Pa. 2003). Therefore, a determination of what constitutes willful misconduct requires consideration of all the relevant circumstances. *Rebel v. Unemployment Compensation Board of Review*, 723 A.2d 156, 158 (Pa. 1998).

"Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule." *Weingard v. Unemployment Compensation Board of Review*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011). However, where an employer fails to carry its initial burden of proving a deliberate violation, it is unnecessary to consider whether the claimant's conduct constitutes good cause. *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 969 (Pa. Cmwlth. 2010).

"A claimant has good cause if his . . . actions are justifiable and reasonable under the circumstances." *Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012) (quoting

5

*Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205, 1208-09 (Pa. Cmwlth. 2006)). Ultimately, "[t]he question of whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Scott v. Unemployment Compensation Board of Review*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014).

**B.**

Turning to Employer's initial burden, Claimant admits to knowing Employer's work rule and the relevant laws that he allegedly violated. He does not dispute the reasonableness of Employer's work rule, but only that he did not violate a work rule because his asking a pharmacy technician to make the calls was for clarification and not for the actual taking of a prescription.

The Pharmacy Code does not explicitly mention the effect of a "clarification" and/or "modification" to an already-existing prescription. On the one hand, it is the written prescription (and not the oral clarification and/or modification) that ultimately provided Claimant with the authority to dispense medication to both consumers. On the other hand, without further oral clarification and/or modification by the prescribing doctor, that written prescription was effectively meaningless due to certain contradictions contained therein.

Employer contends that Claimant's conduct was unlawful because, by directing a pharmacy technician to transcribe an oral modification of an existing written prescription, Claimant was essentially directing that pharmacy technician to take an oral or telephone "prescription" and/or "order." According to Employer,

to hold otherwise would allow pharmacists to substitute their judgment for that of the State Board of Pharmacy, which has determined that untrained and unlicensed pharmacy technicians should not be responsible for taking and interpreting prescriptions.

The Board, in response, contends that Claimant's conduct could not constitute willful misconduct because the pharmacy technician only sought "clarification" of a written prescription in light of certain contradictions. According to the Board, the assigned pharmacy technician could not be considered as taking prescriptions because a written prescription was already provided, and any further instruction only aided the pharmacist's interpretation of that already-existing prescription.

An unemployment appeal is not the proper proceeding to interpret the Pharmacy Code. Fortunately, we need not reach the issue of whether the Board's interpretation of the Pharmacy Code regulation was correct because its finding that Claimant did not commit willful misconduct is tantamount to finding that Claimant did not deliberately violate the regulation. Claimant's delegation in both instances only involved the resolution of contradictory instructions; such delegation did not involve the actual taking of an entirely new order or involve medication beyond the written prescription. Given that the Board found that Claimant did not violate the Pharmacy Code and Claimant is not a legal expert versed in statutory and/or regulatory interpretation, Employer did not make out that Claimant's misconduct was either deliberate or intentional.

7

Accordingly, because Claimant's conduct was not willful misconduct, we affirm the Board's decision.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Giant Eagle, Inc., : 
                Petitioner : 
                 : 
          v. : No. 1184 C.D. 2017
                 : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

# **O R D E R**

AND NOW, this 30th day of May 2018, it is hereby ordered that the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
DAN PELLEGRINI, Senior Judge