# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Carl,                           :

                 Petitioner          :

                          :

              v.                    :     No. 959 C.D. 2017

                          :     Argued: September 12, 2018

Unemployment Compensation      :

Board of Review,                 :

               Respondent     :

BEFORE:     HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**                **FILED: November 20, 2018**

Donna Carl (Claimant) petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board) holding Claimant ineligible to receive unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (the Law).[1] We affirm.

Until December 21, 2016, Claimant was employed by Sovereign Commercial Services (Employer) as a housekeeping cleaner, assigned to a Big Lots distribution center, where Employer provided contract cleaning services. (Record Item (R. Item) 10, Referee's Hearing: Transcript of Testimony (H.T.) at 5.) On December 22, 2016, Claimant's employment was terminated for, *inter*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." 43 P.S. § 802(e).

*alia*, her conduct during a telephone conversation between Claimant and Employer's regional operations manager (Regional Manager) on the previous day. (R. Item 12, Board's Decision and Order, Findings of Fact (F.F.) ¶ 6, Discussion.) Claimant filed for unemployment benefits and the Unemployment Compensation Service Center found Claimant ineligible due to willful misconduct. (R. Item 4, Notice of Determination.) Claimant appealed and the Referee conducted a hearing at which Claimant, represented by counsel, participated via telephone and Employer presented the testimony of the Regional Manager. (H.T. at 1.) The Referee affirmed the decision of the Service Center and Claimant appealed to the Board. On May 24, 2017, the Board issued its decision and order affirming the decision of the Referee. Claimant timely filed a petition for review appealing the Board's order to this Court.

In its Decision and Order, the Board made the following findings of fact:

1. Sovereign Commercial Services employed the claimant until December 21, 2016, as a cleaner.

2. On December 21, 2016, the employer's on-site manager attempted to issue the claimant a written warning for using incorrect cleaning solutions to clean a client's floor, as well as for using a vacuum to clean a table top.

3. The claimant refused to sign the warning, so the employer's regional operations manager was called on the telephone.

4. The regional operations manager attempted to explain the warning to the claimant; however, the claimant proceeded to yell at the regional operations manager, stating, "I cannot fu*king believe that I am being treated this way."

2

5. After yelling at the regional operations manager, the claimant disconnected the phone call.

6. On December 22, 2016, the employer discharged the claimant for, among other things, her conduct during the interaction with the regional operations manager on December 21, 2016.[2]

(R. Item 12, Board's Decision and Order, F.F. ¶¶ 1-6.)

Before this Court,[3] Claimant argues that the Board erred in finding willful misconduct because there was not substantial evidence to support its findings of fact.[4] She asserts that Employer's on-site manager, whom she contends

---

[2] The Referee's findings of fact also contained findings both that Claimant's conduct in yelling and cursing at the Regional Manager violated Employer's policy of which she was aware, and that Claimant approached Employer's client after she had been warned previously not to do so. (R. Item 10, Referee's Decision/Order, Findings of Fact (F.F.) ¶¶ 3-4.) The Board did not adopt this finding.

[3] Our scope of review of the Board's decision is limited to determining whether errors of law were committed, constitutional rights or agency procedures were violated, and necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Temple University v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 n.1 (Pa. 2001).

[4] In unemployment compensation cases, the burden of proving willful misconduct is on the employer. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997); *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012). To prove willful misconduct, the employer must show: (1) wanton or willful disregard of the employer's interests, (2) deliberate violation of the employer's rules, (3) disregard of standards of behavior that an employer can rightfully expect from an employee, or (4) negligence that indicates an intentional disregard for the employer's interests or the employee's duties or obligations. *Temple University v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 (Pa. 2001); *Caterpillar, Inc.,* 703 A.2d at 456; *Brown*, 49 A.3d at 936-37. Whether a claimant's actions constitute willful misconduct is a question of law fully reviewable on appeal. *Temple University*, 772 A.2d at 418 n.1; *Caterpillar, Inc.,* 703 A.2d at 456; *Brown*, 49 A.3d at 937.

had been demoted one day earlier and was not therefore authorized to evaluate her performance, initiated a confrontation when he demanded that she sign a written warning he had prepared and with which she disagreed, and became verbally abusive when she refused to sign the warning.[5] Claimant asserts therefore that her behavior was justified and reasonable under the circumstances. She denies that she used profanity in speaking with the Regional Manager and contends that Employer established no rule or policy regarding its use. She asserts that the Board did not properly consider her testimony and erred in determining that she was not credible.

The Regional Manager testified that he visited the site approximately twice each week. (H.T. at 6.) He stated that he was not at the site on the date of the incident that precipitated Claimant's termination from employment, but had been called by the on-site manager when Claimant refused to sign the warning and began to curse at, and "get loud" with, the on-site manager. (H.T. at 7.) When the on-site manager put Claimant on the phone, the Regional Manager attempted to

---

[5] The warning that Claimant refused to sign states:

> [The on-site manager and Regional Manager] have both heard multiple complaints of [Claimant] being seen vacuuming the tables in the break room. It has also been reported to [the on-site manager] that [Claimant] was using laundry detergent to mop floors throughout the warehouse. These are improper techniques and unsanitary. [Claimant] is not to vacuum tables anymore. She is also to only use the damp mop or DMQ as provided by [Employer] or the pine oil or floor cleaner provided by Big Lots. Proper cleaning is mandatory. Further training will be provided if you are not sure how to handle.

(R. Item 3, Employer Separation Information.)

speak with Claimant and explain the procedures she was not following, but she was yelling into the phone; he stated that he was trying to convey to her that she was simply being given a warning for failure to follow proper procedures. (*Id*.) He testified that he was trying to calm her down, but she "just started cursing," and said that she "couldn't fu*king believe that she was being treated this way." (H.T. at 11.) The Regional Manager testified that he terminated Claimant's employment on the following day both for the manner in which she yelled and cursed at him on the phone – what he characterized as disruptive behavior that the company, as specified in its employee handbook, does not permit – and for her behavior in contacting Employer's client, the general manager of Big Lots, subsequent to the telephone conversation. (H.T. at 7-8.) The Regional Manager stated that the on-site manager was employed with Employer as on-site manager at the time of the incident. (H.T. at 10.)

Before the Referee, Claimant acknowledged she had used a vacuum cleaner to clean tables in the breakroom and had used laundry detergent on the floors. (H.T. at 25.) Claimant also acknowledged that the on-site manager did not curse at her, although she asserted that he said "nasty" things to her, specifically that he insulted her and told her that she was not doing her job correctly, and that people were complaining about her. (H.T. at 26.)

Based upon our review of the record, we conclude that there is no merit to Claimant's argument that the Board failed to properly consider her testimony and erred when it found her not credible. "In unemployment compensation matters, 'the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses.'" *Goppman v. Unemployment Compensation Board of Review,* 845 A.2d 946, 947

5

n.2 (Pa. Cmwlth. 2004) (quoting *Owoc v. Unemployment Compensation Board of Review,* 809 A.2d 441, 443 (Pa. Cmwlth. 2002)). "Findings made by the Board are conclusive and binding on appeal if the record, examined as a whole, contains substantial evidence to support the findings." *Umedman v. Unemployment Compensation Board of Review,* 52 A.3d 558, 563–64 (Pa. Cmwlth. 2012) (quoting *Owoc,* 809 A.2d at 443). "Substantial evidence is evidence which a reasonable mind might accept as adequate to support a conclusion." *Id.* at 564 (quoting *Wheelock Hatchery, Inc. v. Unemployment Compensation Board of Review,* 648 A.2d 103, 105 n.3 (Pa. Cmwlth. 1994)).

Here, there is ample evidence that the Board considered the transcript of testimony and concluded that Claimant's asserted defenses, i.e., that cleaning tables was not her job, that another manager had authorized use of laundry detergent on the floor, that she did not curse, and that she was provoked by the abusive behavior of the on-site manager who had no authority over her, were not credible and could not justify her behavior. The Board determined that Employer had credibly established that after Claimant refused to sign the written warning, the Regional Manager had been called on the telephone, and he had attempted to explain the written warning to Claimant. (Board's Decision and Order, F.F. ¶ 3, Discussion.) The Board further determined that after Claimant yelled at the Regional Manager, using profanity, Claimant disconnected the telephone call. (*Id.,* F.F. ¶ 5.) The Board specifically discredited Claimant's assertions that the on-site manager was being "nasty" to her and was yelling at her, and specifically discredited Claimant's denial that she cursed at the Regional Manager. (*Id.,* F.F. ¶ 4, Discussion.) The Board further discredited Claimant's assertions that the on-site manager did not possess supervisory authority over her. (*Id.,* Discussion.)

6

The Board concluded that Claimant's conduct was not provoked. This Court has held that the use of abusive, vulgar, or offensive language directed at a superior is a form of insubordination that can constitute willful misconduct where the profanity is not provoked by the superior's language or conduct toward the claimant. *Allen v. Unemployment Compensation Board of Review*, 638 A.2d 448, 451 (Pa. Cmwlth. 1994); *Losch v. Unemployment Compensation Board of Review*, 461 A.2d 344, 346 (Pa. Cmwlth. 1983); *Fields v. Unemployment Compensation Board of Review*, 300 A.2d 310, 311 (Pa. Cmwlth. 1973). Furthermore, we have held that an employee's unprovoked use of abusive, vulgar or offensive language directed at his or her supervisor evidences a disregard of the standards that an employer can rightfully expect of its employees. *Leone v. Unemployment Compensation Board of Review*, 885 A.2d 76, 81 (Pa. Cmwlth. 2005). We find no error in the Board's conclusion that Claimant's conduct fell below the standards of behavior an employer has the right to expect of its employees.

For the foregoing reasons, we conclude that the Board did not err in holding that Claimant committed willful misconduct. Accordingly, we affirm the order of the Board.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Carl,                              :
             Petitioner        :
                            :
              v.               :   No. 959 C.D. 2017
                            :
Unemployment Compensation                :
Board of Review,                         :
             Respondent        :

## **O R D E R**

AND NOW, this 20th day of November, 2018, the order of the Unemployment Compensation Board of Review in this matter is hereby AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge